IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS R. WOODSON,<br><br>    Plaintiff,<br><br>  v.<br><br>P. RIVERA et al.,<br><br>    Defendants.<br>_____/ | No. C 05-04465 CW<br><br>ORDER GRANTING IN FORMA PAUPERIS, REVIEWING FIRST AMENDED COMPLAINT, ORDERING SERVICE OF COGNIZABLE CLAIMS AND DISMISSING NON-COGNIZABLE CLAIMS |

Plaintiff Thomas R. Woodson, a state prisoner currently incarcerated at Calipatria State Prison, filed this civil rights complaint when he was housed at Salinas Valley State Prison (SVSP). The events giving rise to this complaint occurred while Plaintiff was housed at SVSP. On July 11, 2006, the Court issued an Order of Dismissal with Leave to Amend and Denying Leave to Proceed In Forma Pauperis Without Prejudice (July 11, 2006 Order). On August 10, 2006, Plaintiff filed a First Amended Complaint (FAC), which the Court now reviews to determine whether it states cognizable claims for relief.

In the July 11, 2006 Order, the Court indicated that, in his original complaint, Plaintiff had attempted to state claims against Defendants for the use of excessive force and for deliberate

indifference to his mental and physical health and safety needs.

The Court concluded that the excessive force claim had to be dismissed because "Plaintiff has not identified with sufficient specificity the actions of Defendants that rise to the level of excessive force. In support of his claim he says that he was 'handcuffed and manhandled' by correctional officers Aldana, P. Rivera and Machuca, and that he was 'assaulted' by correctional officers Rocha, Burk and Ortega. Standing alone, however, these conclusory descriptions of what occurred do not allege facts which state a claim for relief, nor do they put the individual Defendants on notice of the alleged unconstitutional conduct in which they engaged." In regard to Plaintiff's Eighth Amendment claim for deliberate indifference, the Court concluded that although Plaintiff's allegations "that he was placed in a cramped cell without adequate clothing or a place to lie down for nineteen and then twenty-nine hours might state a claim for relief, he has failed to identify with specificity the correctional officers who placed him in the cell or refused to respond to his complaints." The Court also concluded that Plaintiff's allegations of ridicule by certain COs and placement in an unsanitary cell did not state a constitutionally cognizable claim for relief.[1]

In his FAC, Plaintiff alleges that on January 11, 2005, without explanation, he was ordered by correction officer (CO) Machuca to "hand cuff up" and exit his cell. When Plaintiff "calmly" asked where he was being taken, CO Machuca and CO P.

---

[1] Neither the complaint nor the FAC provide Defendants' first names.

2

Rivera grabbed him violently by his wrists and arms. "Plaintiff's wrists and arms were bent upwards using excessive and unnecessary force on a non-combative, complying Plaintiff. Plaintiff was slammed against the wall in D-7 building rotunda by COs Machuca and P. Rivera causing severe pain to Plaintiff's chest, arms, wrist and back. . . . CO Aldana stepped up and placed his right leg on the inside of Plaintiff's right leg scraping Plaintiff's right inside ankle with his thick black boot. . . . Subsequently, Plaintiff was escorted by . . . Machuca, P. Rivera, [and] Aldana from D-7 building to D-1, D-2 building. Plaintiff's arms and wrists being painfully bent and twisted by COs Machuca and P. Rivera the whole way." When they arrived at D-1 building, Sergeant Washington ordered his subordinates to put Plaintiff's nose up against the wall. "CO Rocha grabbed the back of Plaintiff's neck . . . while CO P. Rivera and CO Machuca had the right and left arms and wrist." Plaintiff was slammed up against a wall by all three COs, with CO Rocha pressing Plaintiff's face up against the wall, injuring Plaintiff's nose. Plaintiff felt the hands of COs Burk, Ortega and Aldana pressing violently into his back. When Plaintiff was moved to cage #1, he was "snatched off the wall violently by both arms by COs Machuca and P. Rivera, pushed in the back by CO Rocha, then dragged by COs P. Rivera and Machuca with COs Rocha, Burk, Ortega and Aldana grabbing and pushing Plaintiff's body wherever they could find an opening." Plaintiff heard Sgt. Washington say to one of his subordinates, "leave his ass in there all night."

Plaintiff was then left in cage #1, which was a standing room only cage, for nineteen hours. The cage was cold and Plaintiff was

3

wearing only his boxer underwear and a thin tee-shirt. There was no lavatory, so Plaintiff had to relieve himself in the cage and stand in a pool of urine. Plaintiff was finally taken to an outdoor dog run cage where he collapsed and laid on the cold cement for more than five hours. CO Rocha returned the following day, "cuffed Plaintiff and violently clutched Plaintiff's arm, escorting Plaintiff back to the building D-1 cage [cage #1]. . . . When Plaintiff refused [to go into the cage], CO Rocha specifically and violently grabbed Plaintiff by the neck with his right hand partially choking Plaintiff and shoving him back in the cage again smashing Plaintiff's face to the back of the cage." After about five more hours in this cage, Plaintiff was escorted to cell 223 in building D-2. There was human feces on the floor in cell 223. "Plaintiff sat in the seething hot cell with live human feces and the stench for at least an hour before CO Smith returned with an insulting half a dixie cup of liquid hand soap and an inch square of green abrasive pad" to clean the cell.

Plaintiff alleges that, as a result of this treatment, he suffered severe trauma physically, mentally and emotionally. He claims that he now has severe nerve and muscle damage in his back and suffers back pain discomfort and spasms. He also alleges that he has taken pain medication since this incident and is not able to engage in the activities he was accustomed to doing.

Plaintiff requests compensatory and punitive damages and injunctive relief.

4

DISCUSSION

I. Excessive Force

In order to state a claim for the use of excessive force in violation of the Eighth Amendment, Plaintiff must allege facts which, if proven, would establish that prison officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Although Plaintiff fails specifically to allege that Defendants did not apply the force in a good-faith effort to maintain or restore discipline, he does allege that, without knowing the reasons for such treatment, he was taken out of his cell and assaulted unnecessarily by the above-named Defendants. This is sufficient to establish that, to Plaintiff's knowledge, the force applied to him was not undertaken to maintain or restore discipline. The Court finds that the above allegations sufficiently allege against COs Machuca, P. Rivera, Aldana and Rocha and Sgt. Washington an Eighth Amendment claim of excessive force. This claim against Defendant Smith is dismissed.

II. Cruel and Unusual Punishment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may

5

not, for example, use excessive force against prisoners. Hudson, 503 U.S. at 6-7.  The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. Farmer, 511 U.S. at 834.

Plaintiff alleges that Sgt. Washington intentionally ordered his subordinates to place Plaintiff in a cage with inhumane living conditions and keep him there for over twenty-four hours.  This is sufficient to state a claim for deliberate indifference against Sgt. Washington.  Plaintiff's allegation that CO Rocha pushed Plaintiff back into cage #1 for five hours is insufficient to state a claim for deliberate indifference against him.  Plaintiff's allegations that CO Smith placed Plaintiff in cell 223 with human feces on the floor and brought him a half a dixie cup of hand soap and a square inch of green abrasive pad to clean it up are insufficient to state a claim against CO Smith.  The deliberate indifference claim against COs P. Rivera, Machuca, Aldona, Rocha and Smith is dismissed.

As in the original complaint, the allegations of ridicule by

6

certain COs do not state a cognizable claim. See e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful comments by prison guard insufficient to implicate Eighth Amendment).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request to proceed in forma pauperis is GRANTED.

2. Plaintiff states a cognizable claim for money damages for excessive force against COs Machuca, P. Rivera, Aldana and Rocha and Sgt. Washington. Plaintiff states a cognizable claim for money damages for cruel and unusual punishment against Sgt. Washington. Because Plaintiff is no longer housed at SVSP, his requests for injunctive relief are DENIED AS MOOT. All other claims against all other Defendants are dismissed with prejudice.

3. The Clerk of the Court shall mail to Sgt. Washington and COs Machuca, P. Rivera, Aldana and Rocha a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (Docket #1) and the amended complaint (Docket #6), all attachments thereto, and a copy of this Order. The Clerk shall also mail a copies of these documents to the Attorney General of the State of California. In addition, the Clerk shall serve a copy of this Order on Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if any Defendant, after being notified of this action and asked by

7

the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, said Defendant will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.

5. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than ninety (90) days from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than

8

sixty (60) days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice regarding summary judgment motions should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn

9

declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c. If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

       d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    9. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

    10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    11. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion

for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than fifteen days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 12/26/07

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WOODSON,

        Plaintiff,

v.

RIVERA et al,

        Defendant.

Case Number: CV05-04465 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Ray Woodson
P-76095; C Facility
Calipatria State Prison
Calipatria, CA 92233

Attorney General
State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Dated: December 26, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

12