IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS R. WOODSON,<br><br>            Plaintiff,<br><br>    v.<br><br>P. RIVERA et al.,<br><br>            Defendants.                  / | No. C 05-04465 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING DEFENDANTS' MOTION TO DISMISS |

Plaintiff Thomas R. Woodson, a state prisoner currently incarcerated at Calipatria State Prison, filed this pro se civil rights action on November 2, 2005, while he was incarcerated at Salinas Valley State Prison. On July 11, 2006, after conducting a preliminary review of the complaint, the Court issued an order dismissing the complaint for failure to state a claim upon which relief may be granted. The Court granted Plaintiff thirty days to file an amended complaint to cure the pleading deficiencies.

On August 10, 2006, Plaintiff filed an amended complaint. Also on that date, Plaintiff filed a motion requesting appointment of counsel to represent him in this action, stating that he could

not litigate the action on his own behalf because he had "limited access to the law library and limited knowledge of the law."

On March 12, 2007, the Court denied Plaintiff's request for appointed counsel. In an order dated December 26, 2007, the Court granted Plaintiff's motion to proceed in forma pauperis and ordered service of Plaintiff's cognizable claims of excessive force and cruel and unusual punishment. On February 25, 2008, Defendants filed an answer.

Defendants now move to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff, in response, moves to vacate Defendants' motion to dismiss.[1] Plaintiff also renews his request for appointed counsel. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's request for appointed counsel and GRANTS Defendants' motion to dismiss.

                              BACKGROUND

This civil rights action arises from an incident that allegedly took place on January 11, 2005 at Salinas Valley State Prison. Compl. 2. Plaintiff alleges that on that day, Defendants used excessive and unnecessary force while escorting him from his cell to cage #1, which is a standing-room-only cage, where he was held, for no apparent reason, for a total of nineteen hours. Id. at 3-6. Plaintiff alleges that Defendants' actions caused him physical, mental and emotional

---

[1] The Court construes Plaintiff's motion to vacate as an opposition to Defendants' motion.

2

injuries, for which he seeks compensatory and punitive damages. Id. at 7.

Plaintiff filed an administrative appeal following this incident. The appeal log number is SVSP-D-05-00173. Grannis Dec. at 9. On January 18, 2005, the prison's Appeals Coordinator wrote to Plaintiff to inform him that his appeal had been sent for a first level response, and that if his appeal was denied, he could forward his letter within fifteen days for second level review. Pl.'s Ex. A at 1. On February 14, 2005, Plaintiff received a letter from the Chief Deputy Warden of the prison, who informed him that his second level review was partially granted, and that the prison was initiating investigations into his allegations of misconduct. However, the letter noted that "inmates do not dictate staff disciplinary action . . . [and] any personnel action taken shall remain confidential and will not be disclosed to inmates, other employees, or the general public." Id. at 2.

On February 24, 2005, Plaintiff forwarded his appeal to N. Grannis, Chief of the Inmate Appeals Branch (IAB), for final agency review. Grannis Supp. Dec. at 7. The Inmate Appeals Branch (IAB) screens inmate appeals before they reach Director's Level Review. The IAB determines whether an appeal complies with agency regulations, and may return an appeal to an inmate if it finds that the appeal was not timely filed, fully exhausted or complete. Grannis Supp. Dec. at 3. The IAB only accepts original inmate appeals, and these appeals must include any necessary supporting documentation. Id. at 4.

3

The IAB maintains an electronic database containing information about each inmate appeal that reaches Director's Level review. Grannis Dec. at 3. The database shows that on May 25, 2005, appeal number SVSP-D-05-00173 was screened out due to missing documentation. Id., Ex. 1 at 1. On that day, Grannis wrote Plaintiff a letter, which read, in relevant part:

> Your appeal is incomplete. You must include supporting documentation. Your appeal is missing the original 602 Form. Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

Pl.'s Ex. A at 3.

On June 9, 2005, Plaintiff wrote a letter to Grannis, in which he claimed that his "complaint is complete with all documents being original that you have previously reviewed." Id. at 4. Moreover, Plaintiff called Grannis's assertion that Plaintiff's file was missing the original 602 Form "incongruous and indicative of the perpetual, systemic, penalogical corruption being allowed to ferment and fester by officials such as yourself, who facilitate the validation of criminal behavior and activity by 'correctional officers,' by attempting to invalidate the complaints of inmates based upon a spurious technicality." Id.

The IAB electronic database shows that Plaintiff submitted another appeal on June 14, 2005. Grannis Sup. Dec., Ex. 1 at 1. The record of this appeal, however, does not include any reference number, so it is not clear whether it relates to the January 11, 2005 incident. Id. The database shows that this appeal was also returned to Plaintiff due to missing documentation. Id. On

4

August 4, 2005, Plaintiff received a letter, identical to the one he received from Grannis on May 25, 2005, which informed him that his file was incomplete and that he could contact his assigned counselor or the Appeals Counselor to find out how to proceed. Pl.'s Ex. A at 5.

Grannis declares that, had Plaintiff contacted his assigned counselor or the Appeals Counselor, they would have given him a replacement copy of his original inmate appeal, which is known as a "Treat as Original" copy, to submit for his Director's Level appeal. Grannis Supp. Dec. at 9. She states that the IAB has yet to receive "an original appeal or 'Treat as Original' copy of the appeal in institutional log number SVSP-D-05-00173." Id.

DISCUSSION

I. Motion for Appointment of Counsel

Plaintiff has filed his second motion for appointment of counsel. His previous request was denied on March 12, 2007. No exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. Plaintiff has been able to articulate his claims adequately pro se and the issues involved are not complex. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, his present motion for appointment of counsel is DENIED.

II. Motion to Dismiss

Defendants contend that Plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995 (PLRA) provides that

5

"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted); Jones v. Bock, 127 S. Ct. 910, 922 (U.S. 2007) (compliance with prison grievance procedures is required by the PLRA to "properly exhaust"). The level of detail necessary in a grievance to comply

6

with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Jones, 127 S. Ct. at 923.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Cal. Code Regs. tit. 15, § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (CDCR). Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

In this case, there was no final decision from the Director's level of review. Plaintiff argues, however, that the Court should deny Defendants' motion to dismiss, because he "exercised due diligence pursuing all levels of administrative appeal." He argues that his two separate appeals to the Director's Level in

7

February, 2005[2] and June, 2005, and his letter explaining that his file was complete with all the required original documentation, is sufficient to show that he made every attempt to exhaust his administrative remedies.

However, the evidence in the record suggests that Plaintiff did not do all that he could to exhaust his administrative options. Grannis declares that her staff never received an original or a "Treat as Original" copy of Plaintiff's 602 Form. On two occasions, Plaintiff was informed that his appeal was defective and that, in order to remedy this defect, he would have to contact his counselor or the Appeals Counselor. There is no evidence in the record that he did so or attempted to do so.

Because 42 U.S.C. § 1997e(a) requires proper exhaustion, prisoners are expected to comply fully with the agency's procedural rules. Salinas Valley State Prison regulations require that inmate appeals include either original appeals forms or "Treat as Original" copies of all forms. Plaintiff was given an opportunity to contact a counselor who could have given him "Treat as Original" copies of his forms, but chose not to do so, thereby failing to exhaust his administrative remedies. Accordingly, his amended complaint must be DISMISSED WITHOUT PREJUDICE in its entirety.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion Requesting

---

[2] Plaintiff states that his first attempted Director's Level appeal regarding the January, 2005 incident was in April, 2005. However, the IAB's electronic records show that Plaintiff filed his first Director's Level appeal, number SVSP-D-05-00173, on February 24, 2005.

8

Appointment of Counsel (Docket no. 29) is DENIED and Defendants' Motion to Dismiss (Docket no. 25) is GRANTED.  This dismissal is without prejudice.  Plaintiff may refile his complaint if he exhausts his administrative remedies in compliance with Title 15 of the California Code of Regulations § 3084.

    IT IS SO ORDERED.

Dated: 8/26/08


_____
CLAUDIA WILKEN
United States District Judge

9

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WOODSON,

        Plaintiff,

v.

RIVERA et al,

        Defendant.

Case Number: CV05-04465 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 26, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Neah Huynh
Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Thomas Ray Woodson P-76095
"C" Facility Calipatria State Prison
Calipatria, CA 92233

Dated: August 26, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk